# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| HAWK TECHNOLOGY SYSTEMS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:20-cv-02766 |
| v. ) | |
| ) | |
| CASTLE RETAIL, LLC, ) | |
| ) | |
| Defendant. ) | |

## PATENT SCHEDULING ORDER

This Cause was before the Court on March 10, 2021, for a technology briefing and Patent Scheduling Conference. Counsel present for Plaintiff were Frank Dantone, Allen Gibbs, and R. Scott Weide. Counsel present for Defendant were Justin Hasford and Robert Field.

This is a civil action for patent infringement arising under 35 U.S. §§ 271 and 281–85 of Plaintiff's U.S. Patent No. 10,499,091 (the "'091 Patent"). The '091 Patent is entitled "High Quality, Reduced Data Rate Streaming Video Production and Monitoring System" and discloses a direct streaming system based on optimizing the signal path utilizing 3:2:2 color processing and bit rates ranging from 2–6 MBPS.

At the Zoom Scheduling Conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: April 10, 2021

**MOTIONS TO JOIN PARTIES**: April 10, 2021

**MOTIONS TO AMEND PLEADINGS**: April 10, 2021

**MOTIONS TO DISMISS**: April 10, 2021

**PATENT RELATED DISCLOSURES:**

**INFRINGEMENT/VALIDITY CONTENTIONS:**

  1) **Initial Infringement Contentions:** April 2, 2021

  2) **Initial Non-Infringement Contentions:** April 30, 2021

    3) **Invalidity and Unenforceability Contentions:** June 25, 2021

    4) **Validity and Enforceability Contentions:** July 16, 2021

**CLAIM CONSTRUCTION:**

    1) **Preliminary Identification of Claim Terms to be Construed:** July 2, 2021

    2) **Final Identification of Claim Terms to be Construed:** July 23, 2021

    3) **Preliminary Claim Constructions and Supporting Materials:** August 6, 2021

    4) **Initial Expert Claim Construction Reports:** August 20, 2021

    5) **Rebuttal Expert Claim Construction Reports:** September 3, 2021

    6) **Completion of Claim Construction Expert Discovery:** September 17, 2021

    7) **Final Claim Construction:** September 24, 2021

    8) **Opening Claim Construction Briefs:** October 8, 2021

    9) **Responsive Claim Construction Briefs:** October 22, 2021

    10) **Joint Claim Construction and Prehearing Statement:** November 5, 2021

    11) **Claim Construction Hearing: DECEMBER 3, 2021**

The remaining deadlines will be set after the Court's Claim Construction Ruling.

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the Court approves the parties' e-discovery plan.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service

The parties may engage in ADR at their discretion by the ADR deadline. If any party determines that mediation is unlikely to be successful, would not be cost effective, or is a procedure in which they do not wish to engage, they may file a Notice of Intent not to engage in mediation. Upon such notice, the mediation shall be cancelled. Pursuant to Local Rule 16.2(d), if the parties choose to engage in mediation, within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

**SO ORDERED**, this 10th day of March, 2021.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE