IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| HAWK TECHNOLOGY SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:20-cv-2766-JPM-tmp |
| v. | ) | |
| | ) | |
| CASTLE RETAIL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING WEIDE & MILLER'S MOTION TO WITHDRAW

AND

DENYING CASTLE RETAIL, LLC'S MOTION TO STRIKE

Before the Court is Weide & Miller's Motion to Withdraw, filed on March 7, 2023. (ECF No. 58.)  Weide & Miller, counsel for Plaintiff Hawk Technology Systems, LLC ("Hawk"), argues that the Court should allow them to withdraw because Plaintiff "substantially failed to fulfill its obligations to Counsel regarding Counsel's services." (ECF No. 58 at PageID 382.)  Defendant Castle Retail, LLC ("Castle" or "Defendant") filed a Response in Opposition on March 20, 2023. (ECF No. 59.)  Castle argues that "[t]his [M]otion to [W]ithdraw as [C]ounsel appears to be an improper attempt by Hawk's counsel to evade liability for an award of fees in favor of Castle" jointly and severally against both Hawk and its counsel. (Id. at PageID 391) (internal punctuation omitted).  Weide & Miller filed a Reply on March 27, 2023. (ECF No. 60.)  Weide & Miller argues in Reply that they must withdraw from the instant case, because Defendant's motion for sanctions jointly and severally against Hawk and its counsel creates a conflict of interest between Hawk and its counsel. (ECF No. 60 at PageID 397.)

Also before the Court is Castle's Motion to Strike ECF No. 60, filed on April 11, 2023.  (ECF No. 62.)  Castle argues that the Court did not grant Weide & Miller leave to file their Reply, and that it therefore should be stricken as violating Local Rule 7.2(c).  (Id. at PageID 407.)  Castle also argues that Weide & Miller addresses new issues and recharacterizes arguments from the original Motion, both of which are forbidden in a reply.  (Id. at PageID 408.)  Weide & Miller filed an Opposition on April 17, 2023.  (ECF No. 63.)  Weide & Miller argues that Castle's Motion to Strike should be denied because it does not seek leave to strike a pleading under the meaning of Federal Rule of Civil Procedure 7(a).  (Id. at PageID 411.)  Weide & Miller also argues that it would be inappropriate to grant the Motion to Strike, and that Castle failed to comply with the local rule requiring it to consult Weide & Miller before filing the Motion to Strike.  (Id. at PageID 412; 420.)

For the reasons set forth below, Weide & Miller's Motion to Withdraw is **DENIED**.  Castle's Motion to Strike is also **DENIED**.

## I.    Background

Plaintiff Hawk Technology Systems, LLC ("Hawk") filed the Complaint against Castle Retail, LLC ("Castle") in the instant case on October 20, 2020.  (ECF No. 1.)  Hawk alleged that Castle infringed United States Patent No. 10,499,091 (the '091 patent).  (Id. at PageID 1.)  The '091 patent is a patent for a remote video surveillance system.  (Id. at PageID 3–5.)

The Court dismissed the instant case on September 15, 2021.  (ECF No. 44.)  Plaintiff appealed the dismissal on October 14, 2021.  (ECF No. 49.)  The United States Court of Appeals for the Federal Circuit affirmed this Court's decision on February 17, 2023.  (ECF Nos. 52, 53.)

2

Weide & Miller filed a notice of withdrawal in the instant case on February 23, 2023. (ECF No. 54.)  Castle filed a notice of objection to the withdrawal of the Weide & Miller attorneys on February 24, 2023.  (ECF No. 56.)  Castle wrote that it "intend[ed] to request an award of fees in its favor, jointly and severally against Hawk and its counsel."  (Id. at PageID 377.)

Castle filed a Motion for Attorney Fees on April 26, 2023.[1]  (ECF No. 65.)  It filed a Memorandum in Support of its Motion for Attorney Fees on the same day.  (ECF No. 64.) Castle argues that Hawk has no basis for filing or maintaining the instant suit, that Hawk's counsel "made nuisance-value settlement demands," and that Hawk's counsel "threatened to inflict collateral harm" upon fellow members of the Tennessee Grocers & Convenience Store Association if Castle refused to settle.  (Id. at PageID 440.)

Weide & Miller filed an Emergency Motion to Stay Defendant's Motion for Attorney Fees on April 28, 2023.  (ECF No. 70.)  Castle filed a Response in Opposition on May 1, 2023.  (ECF No. 71.)  The Court Granted Weide & Miller's Motion to Stay on that same day. (ECF No. 72.)

## II.    Legal Standard

Ethical rules involving attorneys practicing in the federal courts are ultimately questions of federal law.  El Camino Res., Ltd. v. Huntington Nat. Bank, 623 F. Supp. 2d 863, 876 (W.D. Mich. 2007).  "[A]ttorney withdrawal issues are committed to the court's discretion."  Brandon v. Blech, 560 F.3d 536, 537 (6th Cir. 2009).  District courts should look to the rules of professional conduct in the applicable jurisdiction in evaluating a Motion to

---

[1] Castle's Motion for Attorney Fees seeks fees jointly and severally from Plaintiff and all counsel of record. (ECF No. 65.)  In addition to the Weide & Miller attorneys, Allen Gibbs and R. Scott Weide, Hawk is also represented by Frank Dantone of Henderson Dantone and Jay Johnson of Kizzia Johnson.

Withdraw.  Id.  In Tennessee, a "lawyer has the option to withdraw for any reason if it can be

accomplished without material adverse effect on the client's interests."  Tenn. R. Sup. Ct. 1.16

cmt. 7.  "When ordered to do so by a tribunal, a lawyer shall continue representation

notwithstanding good cause for terminating the representation."  Tenn. R. Sup. Ct. 1.16(c).

### III.   Analysis

#### 1.   Motion to Withdraw

##### a)   There is potential for a conflict of interest

Weide & Miller argues that they must withdraw from the instant case, because

Defendant's motion for sanctions jointly and severally against Hawk and its counsel creates a

conflict of interest between Hawk and its counsel.  (ECF No. 60 at PageID 397.)

A motion for joint and several sanctions against a party and its counsel creates great risk

of a conflict of interest.  The Tennessee Supreme Court Rules state that a concurrent conflict of

interest exists where "there is a significant risk that the representation of one or more clients

will be materially limited . . . by a personal interest of the lawyer."  Tenn. R. Sup. Ct. 1.7(a)(2).

"The critical questions are: what is the likelihood that a difference in interests will eventuate

and, if it does, will it materially interfere with the lawyer's independent professional judgment

in considering alternatives or foreclose courses of action that reasonably should be pursued on

behalf of the client?"  Id., cmt. 8.  A lawyer in Tennessee "shall not represent a client" when a

concurrent conflict of interest exists.  Id.

In the case of joint and several liability for sanctions, there exists a serious concern

counsel will assert that sanctionable conduct should be attributed to the client and not to counsel.

If the Court were to find that both Plaintiff and its counsel engaged in sanctionable conduct,

Hawk and its counsel may also contest the apportionment of liability, further pitting counsel's

interests against those of their client.  The Sixth Circuit has noted that holding the parties to a suit and their counsel jointly and severally liable for attorney fees may present a conflict of interest in certain situations.  See Garner v. Cuyahoga Cnty. Juv. Ct., 554 F.3d 624, 646 (6th Cir. 2009) (conflict of interest in holding a sanction hearing as to both plaintiffs and attorney); In re Ruben, 825 F.2d 977, 985 (6th Cir. 1987) ("[W]hile we express no opinion on the exact circumstances in which a party should be represented separately from her attorneys upon the consideration of sanctions, we nevertheless note that this is a problem to which district judges should be alert").  It should be noted, however, that the Sixth Circuit has declined to set out a bright-line rule regarding the existence of a conflict of interest in cases of joint and several sanctions liability.  Garner, 554 F.3d at 646; In re Ruben, 825 F.2d at 985.

> b)      It would not be appropriate for the Court to allow Weide & Miller to withdraw

Although there is a significant risk of a conflict of interest between Hawk and its counsel, it would be inappropriate for the Court to allow Hawk to withdraw from this litigation at this juncture.

If an attorney withdraws from representation, they cannot be held jointly and severally liable for attorney fees along with a party.  See Garner, 554 F.3d at 644 (noting that an attorney, who was to be held jointly and severally liable with the parties to the suit, withdrew before the fees were calculated, implying that they therefore did not pay the attorney fees).  It is for this reason that Castle objects to Weide & Miller's Motion to Withdraw.  (ECF No. 59 at PageID 391.)

Weide & Miller was made aware that Castle intended to seek sanctions against them prior to filing their Motion to Withdraw.  (ECF No. 56 at PageID 377.)  "[A]ttorneys may forfeit the right to withdraw when they engage in strategically-timed or coercive behavior."  Brandon,

560 F.3d at 538.  If Weide & Miller may be liable for sanctions, the Court should not allow

them to withdraw until the Motion for Attorney Fees is resolved.  See Garner, 554 F.3d at 644

(no reversible error where Court allowed attorney facing sanction to withdraw, but the opposing

party never objected); see also NPF Franchising, LLC v. SY Dawgs, LLC, No. 1:18 CV 277,

2020 WL 6263753, at *2 (N.D. Ohio Oct. 23, 2020) (denying motion to withdraw where motion

for sanctions was pending for over a year before counsel asserted that there had been a

breakdown in communications, with the court describing the motion to withdraw as an attempt

to evade sanctions).

> c)      *The conflict of interest between Hawk and its counsel will be*
> *cured when Hawk retains alternative counsel*

The Court should set an appropriate alternative procedure for moving forward since both

Parties have staked out legitimate legal positions.  The Court will not put Weide & Miller in a

situation where they will break Tennessee ethical rules.  The Court also will not allow them to

withdraw and evade potential liability for sanctions over Castle's objection.

The Court notes that Weide & Miller have already retained separate counsel in the

instant case.  (See ECF Nos. 68, 69.)  The Sixth Circuit describes a defendant's retention of

separate counsel as a potential solution to a conflict of interest regarding joint and several

liability for sanctions.  Garner, 554 F.3d at 646.  Weide & Miller's own filing discussing the

ethical concerns raised by joint and several sanctions states that an attorney facing such

sanctions should withdraw or "consider recommending that the client engage counsel to

litigate," or otherwise resolve, the issue.  (ECF No. 63-4 at PageID 434.)  On May 4, 2023, the

Court ordered Hawk to retain alternative counsel in connection with Castle's pending Motion

as to attorney fees.  (ECF No. 73.)

The Court finds that, upon Hawk's compliance with the Court's May 4th Order regarding retention of alternative counsel, any conflict of interest will be cured. While it may more completely resolve the conflict of interest to allow Weide & Miller to withdraw entirely, that would not be an appropriate course of action in the instant case. (See Section II.1.b, supra.) Hawk's retention of alternative counsel will allow it to adequately defend its own interests.

Weide & Miller's Motion to Withdraw (ECF No. 58) is **DENIED**.

### 2. Motion to Strike

Castle argues in its Motion to Strike (ECF No. 62) that the Court should strike Weide & Miller's Reply (ECF No. 60) to Castle's Response (ECF No. 59) to Weide & Miller's Motion to Withdraw. (ECF No. 58.) Castle argues that Weide & Miller should have moved the Court for leave to reply pursuant to Local Rule 7.2(c). (See ECF No. 62 at PageID 407; see also L.R. 7.2(c).) Castle also argues that Weide & Miller's Reply makes arguments that are inappropriate on reply. (Id. at PageID 407–08.)

The Court declines to strike Weide & Miller's Reply to their Motion to Withdraw. (ECF No. 60.) "Courts generally grant a motion to strike only where it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Hlfip Holding, Inc. v Rutherford Cnty., Tenn., No. 3:19-cv00714, 2020 WL 6484252, at *2 (M.D. Tenn., Sept. 13, 2020) (citing Schlosser v. Univ. of Tenn., No. 3:12-CV-534, 2014 WL 5325350, at *2 (E.D. Tenn. Oct. 20, 2014)). Striking a pleading is "a drastic remedy to be resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953). Additionally, "[d]istrict courts have discretion in determining whether to grant a motion to strike." Starnes Fam. Off., LLC v. McCullar, 765 F. Supp. 2d 1036, 1047

(W.D. Tenn. 2011) (citing Seay v. Tenn. Valley Auth., 339 F.3d 454, 480 (6th Cir. 2003)). "[M]otions to strike are disfavored and granted only where the allegations are clearly immaterial to the controversy or would prejudice the movant." Frisby v. Keith D. Weiner & Assocs. Co., LPA, 669 F. Supp. 2d 863, 865 (N.D. Ohio 2009) (citing Brown & Williamson, 201 F.2d at 822.)

Many of the filings in the instant case after the Federal Circuit's Judgment of February 17, 2023, affirming this Court's Rule 12(b)(6) dismissal of the case (ECF No. 44), have intertwined arguments regarding the merits of sanction, the existence of a conflict of interest, and the reasons that Weide & Miller's Reply should be stricken. While Weide & Miller should have moved the Court for leave to file their Reply, the Court, in the interest of judicial economy, will not strike their Reply for this procedural error. See, e.g., Solis v. Cap. Grille Holdings, Inc., No. 1:17-CV-00798, 2020 WL 7698167, at *2 (S.D. Ohio Dec. 28, 2020) (declining to strike an amended complaint filed past its deadline and without leave of that court in the interest of judicial economy).

Castle's Motion to Strike is **DENIED**.

**IV.     Conclusion**

For each of the reasons set forth above, Weide & Miller's Motion to Withdraw (ECF No. 58) is **DENIED**.  Castle's Motion to Strike (ECF No. 62) is also **DENIED**.  Filing deadlines related to Castle's Motion for Attorney Fees will remain stayed for 30 days, until June 7, 2023, to allow Hawk and its counsel comply with the Court's prior Order Requiring Hawk Technology Systems, LLC to Retain Alternative Counsel.  (ECF No. 73.)

**SO ORDERED**, this 8th day of May, 2023.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE