IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| HAWK TECHNOLOGY SYSTEMS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CASTLE RETAIL, LLC, ) <br> ) <br> Defendant. ) | Case No. 2:20-cv-2766-JPM-tmp |

**ORDER FINDING EMAIL EVIDENCE ADMISSIBLE**

**AND**

**ORDERING PLAINTIFF AND ITS COUNSEL TO FILE FULL EMAIL EXCHANGES**

Before the Court is Defendant Castle Retail, LLC's ("Defendant" or "Castle") Motion for Attorney Fees (ECF No. 65) and accompanying Memorandum in Support (ECF No. 64), filed on April 26, 2023. (ECF No. 65.) Defendant seeks attorney fees from both Plaintiff Hawk Technology Systems, LLC ("Plaintiff" or "Hawk") and its counsel. (ECF No. 64 at PageID 440.) Weide & Miller, Ltd. ("Weide & Miller"), counsel for Plaintiff, filed a Response in Opposition on June 7, 2023. (ECF No. 59.) Plaintiff and Plaintiff's counsel Henderson Dantone, PA filed a Response in Opposition on June 14, 2023. (ECF No. 90.) Defendant filed Replies on June 21, 2023. (ECF Nos. 92, 93.)

Defendant requests that the Court consider email communications that were exchanged between Defendant's counsel and Plaintiff's counsel during settlement negotiations. (ECF No. 64 at PageID 449–451.) Defendant presents two emails to the Court that it characterizes as

"threaten[ing] to inflict collateral harm" against Castle and "taunting" Castle.  (Id. at PageID 450–51; see also ECF Nos. 64-1; 64-2.)  Weide & Miller argues that such communications are inadmissible.  (ECF No. 82 at PageID 631–33.)  Alternatively, Weide & Miller requests the opportunity to "present the Court with the surrounding communications sent to Hawk by Castle" if the Court finds that the communications are admissible.  (Id. at PageID 632 n. 5.)

Federal Rule of Evidence 408 ("Rule 408") "prohibits parties from admitting evidence of 'conduct or statements made in compromise negotiations regarding the claim.'"  Eid v. Saint-Gobain Abrasives, Inc., 377 F. App'x 438, 444 (6th Cir. 2010) (quoting Fed. R. Evid. 408(a)(2)).  The rule makes explicit exceptions allowing for the admission of compromise negotiation evidence "for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."  Fed. R. Evid. 408(b).  Such evidence also may be entered into the record to prove bad faith.  See Athey v. Farmers Ins. Exchange, 234 F.3d 357 (8th Cir. 2000).  As such, Rule 408 is inapplicable in "suits seeking to vindicate wrongs committed during settlement discussions."  Uforma/Shelby Bus. Forms, Inc. v. N.L.R.B., 111 F.3d 1284, 1293 (6th Cir. 1997).

The emails in the instant case fall under this exception to Rule 408.  While there is no blanket exception to Rule 408 for attorney fees disputes, such arguments do not touch upon the "liability for or invalidity of" claims at issue in a case.  23 Charles Alan Wright & Victor Gold, Federal Practice and Procedure: Evidence 2d § 5314 (2018) ("Rule 408 would permit proof of . . . a party's rights to costs and attorney's fees . . . as a result of certain conduct during negotiations"), see also In re Marriage of Bidwell, 173 Or. App. 288, 293 (2001) (holding that a party's use of settlement negotiation evidence was entered "for another

purpose" within the meaning of the Oregon equivalent of Rule 408 when that party entered settlement negotiation evidence to establish liability for attorney fees). Whether Plaintiff and its counsel acted in bad faith is an element the Court must consider in addressing Defendant's instant Motion for Attorney Fees under 35 U.S.C. § 285 and under its inherent powers. See Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 555 (2014) ("[A] case presenting . . . subjective bad faith . . . may sufficiently set itself apart from mine-run cases to warrant a fee award" under 35 U.S.C. § 285); see also Metz v. Unizan Bank, 655 F.3d 485, 487 (6th Cir. 2011) (holding that a "court may assess attorney's fees under its inherent powers when a party has acted in bad faith"); Athey, 234 F.3d 357.

As the emails in question are admissible, Plaintiff and its counsel are ORDERED to file any surrounding communications that "in fairness ought to be considered at the same time" **within seven days**, that is, no later than **August 30, 2023.** Fed. R. of Evid. 106.

**SO ORDERED**, this 23rd day of August, 2023.

      /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE